UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DONALD CHIVERTON ) <br> ROSE COLLIER ) <br>    Plaintiffs ) <br> ) <br> v. ) <br> ) <br> FEDERAL FINANCIAL GROUP, INC. ) <br>    Defendant ) <br> ) | CASE NUMBER <br> 3:00cv1654 (RNC) <br><br><br> MEMORANDUM OF LAW <br> IN SUPPORT OF MOTION <br> FOR RELIEF FROM JUDGMENT <br><br> April 16, 2007 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RELIEF FROM JUDGMENT**

The plaintiffs, Donald Chiverton and Rose Collier, submit the following in support of its Motion for Relief From Judgment.

**I.     PROCEDURAL HISTORY**.

A.  This suit was filed on August 28, 2000, claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*., Connecticut's Unfair Trade Practices Act ("CUTPA"), and common law tort, Intentional Infliction of Emotional Distress.

B.  Chronology of the pleadings:

    (1) 08/28/00 - Complaint filed.
    (2) 12/06/00 - Default for Failure to Plead granted.
    (3) 01/04/01 - Motion for Default Judgment filed.
    (4) 05/03/01 - Hearing on Damages scheduled before Judge
            Martinez.

C.  The Honorable Donna F. Martinez, United States Magistrate Judge, conducted a hearing on May 3, 2001, considered the full record of the case including applicable principles of law, and issued a Recommended Ruling awarding damages. The Honorable Robert N. Chatigney, United States District Judge, approved and adopted the Recommended Ruling on September 28, 2005. On September 30, 2005, The Court ordered, adjudged, and decreed that judgment enter in favor of the plaintiff, Donald Chiverton, for damages in the total amount of $13,500.00 ($5,000.00 in actual damages, $1,000.00 in statutory damages and $7,500.00); and further ordered, adjudged, and decreed that judgment enter in favor of the plaintiff, Rose Collier for damages in the total amount of $13,500 ($5,000.00 in actual damages, $1,000.00 in statutory damages and $7,500.00); and further ordered, adjudged, and decreed that judgment enter in favor of the plaintiffs, Donald Chiverton and Rose Collier, in the amount of $4,613.54 for attorney's fees and costs.

**II.     ARGUMENT**

Fed. R. Civ. P. 60(b)(6) permits the court to relieve a party or party's legal representative from a final judgment, order or proceeding for any reason justifying relief from the operation of judgment. The plaintiffs now move the court to open the judgment entered in this case on the basis that Plaintiffs' counsel has determined that the service of process upon the defendant was not proper, and accordingly the court lacked jurisdiction over this case.

Defendant, Federal Financial Group. Inc., is a foreign corporation for the purposes of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(h) applies to service of process

upon foreign corporations, and it states that service upon a foreign corporation that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected in the judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivery. See Fed. R. Civ. P. 4(h) and 4(h)(1).

Fed. R. Civ. P. 4 (e)(1) states that, unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in any judicial district of the United States pursuant to the law of the state in which the district court is located, or in which service is effected, for a service of the summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or (2) by delivering a copy of the summons and of the complaint individual personally or by leaving copies thereof at the individual's dwelling house or usual abode, or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process. See F.R.C.P. 4(e)(1) and 4(e)(2).

In regards to this case, the district court is located in Connecticut. At the time of the initiation of this law suit, the Connecticut General Statutes governing Connecticut court practice and procedure prescribed that process in any civil action shall be served by leaving a true and attested copy of it, including the declaration or complaint, with the defendant, or at his usual place of abode, in this state. See Connecticut General Statutes, Revised to 2001, Volume 13, Sec. 52-57(a). At the time of the initiation of the lawsuit of the case at bar, certified mailing of the summons and complaint to the defendant was not considered

3

effective service of process upon either an individual or a foreign or domestic corporation, pursuant to the Connecticut General Statutes. See Connecticut General Statutes, Revised to 2001, Volume 13, Sec. 52-57 et al.

Furthermore, the defendant in this case, Federal Financial Group. Inc, is a corporation with its principal place of business in Georgia. Under the Georgia Rules of Civil Procedure, the mere act of sending by certified mail to the defendant individual or the defendant domestic corporation's agent, a copy of the writ summons and complaint, is not effective service of process under the sections of the code that govern said process. See Official Code of Georgia, Title 9, Sec. 11-4.

In this case, Plaintiffs served Defendant, Federal Financial Group. Inc., by sending a true and attested copy of the original civil process in this action to Mark Panfel, Registered Agent for Defendant, via certified letter, return receipt requested, postage prepaid. Given the facts of this case, said method of service of process is not considered proper or effective pursuant to the Federal Rules of Civil Procedure, and correspondingly to the Connecticut Rules of Court, or the Official Code of Georgia.

### III.    CONCLUSION

For the reasons just mentioned, the plaintiffs, Donald Chiverton and Rose Collier, hereby move pursuant to FRCP 60(b) to open judgment that was entered in this case.

5

                **PLAINTIFFS, DONALD CHIVERTON AND ROSE COLLIER**

                By: /s/ Daniel S. Blinn
                Daniel S. Blinn ct02188
                Consumer Law Group, LLC
                35 Cold Spring Road, Suite 512
                Rocky Hill, CT 06067
                Tel (860) 571-0408
                Fax (860) 571-7457

## **CERTIFICATION**

I hereby certify that on this 16th day of April, 2007 a copy of the foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                      /s/Daniel S. Blinn