UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD CHIVERTON and )
ROSE COLLIER, ) CASE NUMBER:
Plaintiffs ) 3:00-cv-01654 (RNC)
)
v. )
)
FEDERAL FINANCIAL GROUP, INC., )
Defendant )
) APRIL 16, 2007

## MOTION FOR RELIEF FROM JUDGMENT

The plaintiffs, Donald Chiverton and Rose Collier, hereby move pursuant to FRCP 60(b) to open the judgment that was entered in this case. The basis for this motion is that plaintiffs' counsel has determined that the service of process upon the defendant was not proper.

October 29, 2007.    Chiverton, et al. v. Federal Financial Group, Inc.
                     Case No. 3:00-CV-1654 (RNC)

Re: Motion for Relief from Judgment (Doc. # 33)

Granted. Plaintiffs move, pursuant to Fed. R. Civ. P. 60(b), to reopen the Court's ruling of September 30, 2005 granting default judgment against defendant and ordering damages and attorneys fees in favor of plaintiffs, on the grounds that defendant was improperly served and thus the Court lacked personal jurisdiction. The Federal Rules of Civil Procedure provide that service of process upon a corporation may be effected by personal delivery, or pursuant to the law of the state in which the district court is located or the law of the state in which service is effected. Fed. R. Civ. P. 4(h)(1) & 4(e)(1). Plaintiff served Georgia-based defendant only via certified mail, which does not constitute proper service of process pursuant to the Federal Rules, the laws of Connecticut (where the district court is located), or the laws of Georgia (where service was effected). See id.; Conn. Gen. Stat. § 52-57 (2000); Ga. Code Ann. § 9-11-4(e) (2007). See also Cole v. Travelers Ins. Co., No. 3:98CV2480, 2000 WL 502689, at *2-3 (D. Conn. Mar. 15, 2000) (service of process via mail is insufficient under the Federal Rules and Connecticut statute); KMM Indus., Inc. v. Prof'l Ass'n, Inc., 164 Ga. App. 475, 476 (1982) (same, under Georgia statute). As a result, the Court lacked jurisdiction over defendant, and the default judgment is void and unenforceable. Accordingly, plaintiffs' motion to vacate the judgment pursuant to Fed. R. of Civ. P. 60(b)(4) is granted. So ordered.

Robert N. Chatigny, U.S.D.J.