UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD CHIVERTON )<br>ROSE COLLIER )<br>    Plaintiffs )<br> )<br>v. )<br> )<br>FEDERAL FINANCIAL GROUP, INC. )<br>    Defendant )<br>_____ ) | CASE NUMBER<br>3:00cv1654 (RNC)<br><br>MEMORANDUM OF LAW<br><br><br>APRIL 30, 2008 |

## MEMORANDUM OF LAW

Pursuant to United States Magistrate Judge Donna F. Martinez's Order dated April 15, 2008, the plaintiffs submit the following memorandum of law.

### I. PROCEDURAL HISTORY

Plaintiffs initially filed this suit against the defendant on August 28, 2000, claiming violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), Connecticut's Unfair Trade Practices Act ("CUTPA"), and intentional infliction of emotional distress. On December 6, 2000, the Court defaulted the defendant for failure to plead. The plaintiffs filed a motion for default judgment, and on May 3, 2001, The Honorable Donna F. Martinez, United States Magistrate Judge, conducted a hearing and issued a Recommended Ruling awarding each Plaintiff $5,000 in actual damages and $1,000 in statutory damages under the FDCPA, $7,500 in punitive damages under CUTPA, and $4,613.54 in attorney's fees and costs. The Court approved and adopted the Recommended Ruling, and entered judgment for the plaintiffs on September 30, 2005.

On November 1, 2007, the Court vacated the September 2005 judgment as void and unenforceable for lack of personal jurisdiction on account of the plaintiffs' failure to properly serve the out-of-state defendant. The plaintiffs showed sufficient cause why the case should not be dismissed, and re-served the defendant with a summons and complaint on December 27, 2007. The defendant again failed to file a responsive pleading within the time allowed, and on January 23, 2008, the plaintiffs moved for an entry of default against the defendant, which the Court granted. Accordingly, the plaintiffs moved for entry of default judgment pursuant to Fed. R Civ. P. 55(b), and an attorney's fee pursuant to Fed. R Civ. P. 54(d)(2).

## II.   CLAIMS FOR RELIEF, FACTS UPON WHICH RELIEF SHOULD BE GRANTED, AND LEGAL AUTHORITY

The plaintiffs essentially seek the same amount of damages awarded by this Court in its September 30, 2005 judgment, and submit the same facts and evidence relied upon by the Court in support of that judgment.

### A.   **Damages under the Fair Debt Collection Practices Act**

The plaintiffs' affidavits (the originals of which are attached to their Motion for Default Judgment and copies of which are reattached hereto as "Exhibit A") establish that the defendant violated the Fair Debt Collection Practices Act ("FDCPA").

When the defendant first contacted Donald Chiverton regarding a debt Chiverton allegedly owed to Fleet Bank, Chiverton provided it with documentation evidencing the full satisfaction of said debt. Nevertheless, the defendant repeatedly dunned Chiverton at work, notwithstanding its knowledge that Chiverton was not permitted to receive such calls. Finally, Defendant spoke with Chiverton's supervisor at work, Major Burnside, about the alleged debt.

Defendant's actions caused Chiverton to suffer emotional distress, shame, embarrassment, stress and anxiety, particularly considering Chiverton was employed as a fiscal supervisor at the time, and the defendant was calling his place of employment and claiming that he failed to honor his financial obligations. Chiverton was also concerned that the defendant's actions would affect his background check and security clearance, and he was forced to explain this situation with both his supervisor and the investigator conducting the background check.

With respect to Rose Collier, Defendant engaged Collier in telephonic conversations during which it belittled, insulted, harassed and threatened her with arrest. Upon learning of Collier's age (80), Defendant told Collier that she was "old and senile," "sitting on [her] behind doing nothing except collecting a social security check," and that she would be arrested if she did not pay the debt. Additionally, Defendant called Collier at least twenty more times, each time always hostile and threatening. Finally, it spoke to members of Collier's family about Collier's debt, and in the process Defendant was rude, harassing, and hostile to them during its conversations with these family members. Defendant knew that Collier was unable to pay the debt, and it should have known that the debt was not valid, yet it continued to repeatedly call and harass her. The

3

aforementioned actions by the defendant caused Collier emotional distress, embarrassment, shame and anxiety.

15 U.S.C. § 1692k of the FDCPA provides for an award of actual damages, statutory damages in the discretion of the Court not exceeding $1,000, costs of the action, and a reasonable attorney's fee as determined by the Court.

Chiverton seeks $5,000 in actual damages for the emotional distress suffered by him, $1,000 in statutory damages, the costs of this action, and a reasonable attorney's fee.

Collier also seeks $5,000 in compensatory damages for emotional distress suffered by her, $1,000 in statutory damages, the costs of this action, and a reasonable attorney's fee.

### B.    Punitive Damages under the Connecticut Unfair Trade Practices Act

The defendant acted with reckless indifference to the rights of the plaintiffs, and its conduct violated Connecticut's Unfair Trade Practices Act ("CUTPA") pursuant to Conn. Gen. Stat. §42-110a *et seq*.

With respect to Chiverton, Defendant's actions were willful, reckless, oppressive, and carefully calculated to compel Chiverton to pay a debt that he had already satisfied and which Defendant had reason to know was already satisfied. As a result of these actions, and pursuant to Conn. Gen. Stat. § 42-110g, Chiverton seeks an additional punitive damages award in the amount of $10,000, and a reasonable attorney's fee, as determined by the Court.

Furthermore, as a result of the reckless, oppressive, and unfair nature of Defendant's conduct towards Plaintiff Rose Collier, Collier also seeks an additional

4

$10,000 in punitive damages, and a reasonable attorney's fee, as determined by the Court.

### C. Attorney's Fees

The Fair Debt Collection Practice Act ("FDCPA") requires the payment of costs and reasonable attorney fees to a successful consumer.

> ...any debt collector who fails to comply with any provision of this subchapter...is liable to such person in an amount equal to the sum of – [actual damages][statutory damages] and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney fee as determined by the court.

15 U.S.C. § 1692k(a)(3).

The court may also award an attorney's fee pursuant to § 42-110g under CUTPA.

> In any action brought by a person under this section, the court may award, to the plaintiff, in addition to the relief provided in this section, costs and reasonable attorneys' fees based on the work reasonably performed by an attorney and not on the amount of recovery. In a class action in which there is no monetary recovery, but other relief is granted on behalf of a class, the court may award, to the plaintiff, in addition to other relief provided in this section, costs and reasonable attorneys' fees. In any action brought under this section, the court may, in its discretion, order, in addition to damages or in lieu of damages, injunctive or other equitable relief.

Conn. Gen. Stat. § 42-110g(d)

Plaintiffs move this Court for $7,000 in attorney's fees, including expenses.[1] A current affidavit of the undersigned concerning attorney's fees and a memorandum in support thereof are attached hereto.

### III. WITNESSES

Plaintiffs do not intend to call any witnesses.

### IV. EXHIBITS

Plaintiffs do not intend to offer any exhibits other than their affidavits.

### VI. AFFIDAVITS

At the hearing, the plaintiffs intend on relying upon the Affidavit of Donald Chiverton and the Affidavit of Rose Collier. These affidavits, which are attached to this memorandum as "Exhibit A," discuss the substance of the defendant's communications and other oppressive actions committed by the defendant in the course of the defendant's collection activities, as well as the distress, embarrassment, shame and anxiety each Plaintiff suffered as a consequence of the defendant's conduct, and the ascertainable loss suffered by each defendant as a result of the defendant's actions.

> PLAINTIFFS, Donald Chiverton and Rose Collier
>
> By: /s/Daniel S. Blinn
>  Daniel S. Blinn (ct02188)
> Consumer Law Group, LLC
> 35 Cold Spring Road, Suite 512
> Rocky Hill, Connecticut 06067
> Tel (860) 571-0408  Fax (860) 571-7457
> dblinn@consumerlawgroup.com

---

[1] Due to the additional work needed to reopen the judgment, cure the service of process issue, re-serve and default the defendant, and move for entry of judgment, the total amount of attorney's fees accrued by the plaintiffs in this case is $10,800, including expenses.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2008, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

The foregoing Memorandum of Law and a copy of the Order were mailed via postage pre-paid, certified, return receipt requested first-class mail, to the following non-appearing parties:

Federal Financial Group, Inc.
P.O. Box 672197
Marietta, GA 30006-0037

/s/Daniel S. Blinn
Daniel S. Blinn

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD CHIVERTON ) <br> ROSE COLLIER ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> FEDERAL FINANCIAL GROUP, INC. ) <br> Defendant ) <br> _____ ) | CASE NUMBER <br> 3:00cv1654 (RNC) <br><br> AFFIDAVIT OF <br> DONALD CHIVERTON <br><br> January 3, 2001 |

STATE OF CONNECTICUT     :
                          : ss. Rocky Hill
COUNTY OF HARTFORD       :

I, Donald Chiverton, a plaintiff in this action, being duly sworn, hereby make affidavit and say:

1. I am over the age of eighteen years, I believe in the obligations of an oath, and the facts set forth below were made of my own personal knowledge.

2. In the early 1990's I purchased a vehicle pursuant to a retail installment contract which was assigned to Fleet Bank. I subsequently fell behind in my payments, and in April 1993, with less than $1,000 owed under the contract, Fleet Bank repossessed the vehicle.

3. Approximately five years later, in or around March 1998, I received a written offer from a collection agency to settle the account with Fleet Bank in full for a payment of $249.29. I sent the payment and later received written confirmation from the collection agency that the debt had been fully satisfied.

4. In or around July 1999, I received multiple telephone calls from the Defendant attempting to collect the same Fleet Bank debt. Each time I explained to the caller that I had satisfied the account, and on multiple occasions I sent the Defendant copies of the letter confirming that the account was paid in full.

JAN 0 4 2001

5. Beginning in late October 1999, I received a barrage of telephone calls at work from a representative of Defendant identifying himself as "Steven Deer." I explained that the debt was satisfied, and also that I was not permitted to receive calls at work concerning personal matters and that I especially did not wish to be contacted at work because I was up for a promotion.

6. "Steven Deer" called me a liar and said, "I'm not a regular collection agent. I can call until you pay. I can call you at work as much as I want." When I hung up the phone, he immediately called back, five times in succession. He also asked to speak to my supervisor. Later he called my supervisor directly and spoke to him about my alleged indebtedness.

7. Defendant's conduct caused me to suffer emotional distress, embarrassment, anxiety and stress, and was totally unjustified.

8. In this lawsuit I seek to recover, pursuant to 15 U.S.C. § 1692k, statutory damages of $1,000. I also seek to recover, pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. § 42-110g, compensatory damages of $5,000 for the emotional distress I suffered, punitive damages of $10,000, and reasonable attorney's fees as will be set forth in a separate affidavit to be supplied by my attorney.

_____
Donald Chiverton

Subscribed and sworn to before me,
this 3rd day of January, 2001.

_____
Notary Public
My Commission Expires:

IRENE M. GRINAVICH
NOTARY PUBLIC
My Commission Expires April 30, 2002

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD CHIVERTON<br>ROSE COLLIER<br>    Plaintiffs<br><br>v.<br><br>FEDERAL FINANCIAL GROUP, INC.<br>    Defendant | CASE NUMBER<br>3:00cv1654 (RNC)<br><br>AFFIDAVIT OF<br>ROSE COLLIER<br><br>January 4, 2001 |

STATE OF CONNECTICUT   :
                      : ss. Rocky Hill
COUNTY OF HARTFORD    :

I, Rose Collier, a plaintiff in this action, being duly sworn, hereby make affidavit and say:

1. I am over the age of eighteen years, I believe in the obligations of an oath, and the facts set forth below were made of my own personal knowledge.

2. I took out a loan from Fleet Bank in 1998 and subsequently defaulted on the loan.

3. In early 1999 I received a call from a representative of the Defendant. I informed her that I was a senior citizen with very limited income and could not pay the debt at that time. I asked her not to contact me further concerning the matter, and hung up the phone. Defendant's representative immediately called back, three times in succession. The third time, someone identifying himself as "Steven Deer" came on the phone. He asked me if I was "old and senile," "just sitting on [my] behind doing nothing," "collecting a social security check." I hung up the phone.

4. "Steven Deer" called my home at least twenty times, always hostile and insulting. He also spoke disparagingly to my daughter and my grandson and specifically discussed the debt with them. At one point he told me he was going to have me arrested for not paying the debt and that I should expect a police officer to arrive at my door at any time.

5. Defendant's conduct caused me and my family members to suffer emotional distress, embarrassment, anxiety and shame.

6. In this lawsuit I seek to recover, pursuant to 15 U.S.C. § 1692k, statutory damages of $1,000. I also seek to recover, pursuant to 15 U.S.C. § 1692k and Conn. Gen. Stat. § 42-110g, compensatory damages of $5,000 for the emotional distress I suffered, punitive damages of $10,000, and reasonable attorney's fees as will be set forth in a separate affidavit to be supplied by my attorney.

*Rose Collier*
Rose Collier

Subscribed and sworn to before me,
this 4th day of January, 2001.

~~Notary Public~~ Commissioner of Superior Court
~~My Commission Expires:~~

2