```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

DONALD CHIVERTON and            :
ROSE COLLIER,                   :
                                :
        Plaintiffs,             :
                                :
    v.                          :    Civil No. 3:00CV1654(RNC)
                                :
FEDERAL FINANCIAL GROUP, INC.,  :
                                :
        Defendant.              :
_____:
```

### RECOMMENDED RULING AFTER HEARING ON DAMAGES

This matter is the subject of a previous, comprehensive ruling issued after a hearing on damages, familiarity with which is assumed.  See Doc. # 25.

The plaintiffs initially commenced this action on August 29, 2000.  See Doc. # 1.  On December 6, 2000, the court defaulted the defendant for failure to plead.  See Doc. # 7.

On September 9, 2005, the undersigned issued a recommended ruling after hearing on damages, which Judge Chatigny approved and adopted on September 28, 2005.  Because it was later discovered that the plaintiffs had not effected proper service on the defendant, Judge Chatigny vacated the September 28, 2005 ruling after finding it unenforceable for lack of personal jurisdiction.  See Doc. # 35.

On January 1, 2008, the plaintiffs returned an executed summons which had been properly served on the defendant on December 27, 2007.  See Doc. # 38.  Judge Chatigny again entered

1

default and granted a default judgment against the defendant as to liability only and, on March 3, 2008, referred the matter to the undersigned for a hearing on damages and attorney's fees. See Doc. # 45.

On May 21, 2008, the undersigned conducted a second hearing on damages. See Doc. # 46. In both their pre-hearing memorandum and at the hearing itself, "[t]he plaintiffs essentially seek the same amount of damages awarded by this Court in its September 30, 2005 judgment, and submit the same facts and evidence relied upon by the Court in support of that judgment." Doc. # 47 at 2.

Accordingly, based upon the evidence presented, and for the reasons set forth in its first recommendation, see Doc. # 25, the undersigned recommends that plaintiff Chiverton be awarded damages of $13,500 ($5,000 in actual damages, $1,000 in statutory damages, and $7,500 in punitive damages).

The undersigned further recommends that plaintiff Collier be awarded damages of $13,500 ($5,000 in actual damages, $1,000 in statutory damages, and $7,500 in punitive damages).

After the first damages hearing, court awarded the plaintiffs attorney's fees and costs of $4613.54. See Doc. # 25 at 16. Due to the additional work required to reopen this matter and cure the defective service, the plaintiffs now seek $7,000 in attorneys' fees. See Doc. # 47 at 6 and n.1.

The Supreme Court has indicated that, when awarding

attorney's fees, the district court "should exclude . . . hours that were not 'reasonably expended'," including those which are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Absent good cause, fees associated with performing duplicate service of process represent hours and costs not reasonably expended. See Ousley v. Gen. Motors Ret. Program, 496 F. Supp. 2d 845, 851 (S.D. Ohio 2006) ("The Plaintiff, having failed to properly serve the summons and having failed to request that the Defendant waive service, may not now seek attorney's fees and costs associated with service of process.")

While the undersigned is sympathetic to the difficulty the plaintiffs encountered in effectuating proper service on the defendant, it is nevertheless inappropriate to award additional attorneys' fees which were unnecessarily incurred. Therefore, the undersigned again recommends an award of attorney's fees and costs of $4613.54.

Any party may seek the District Court's review of this recommendation. See 28 U.S.C. § 636(b). Written objections must be filed within ten (10) days after service of this recommended ruling. See Fed. R. Civ. P. 6(a), 6(e), and 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut. Failure to object within ten (10) days may waive further review of this

3

ruling.  See Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut, this 19th of June, 2008.


_____/s/_____
Donna F. Martinez
United States Magistrate Judge